**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Daniel Cribbins,

    Plaintiff,

v.

Scott Preston, et. al.,

    Defendants.

_____/

Case No. 19-12769

Honorable Nancy G. Edmunds

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [6]**

Pending before the Court is Defendants' motion to dismiss. (ECF No. 6.) Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. On January 8, 2020, the Court held a hearing in connection with the motion. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

**I.**     **Background**

In November 2018 A.C., a minor child, was suspended for three days from Marshall Greene Middle School in the Birch Run School District. A.C. was a fifth grader at the time of the suspension. Daniel Cribbins, A.C's father, initiated this lawsuit on A.C.'s behalf against Scott Preston, the school's principal, and the school district challenging the suspension and seeking damages.

In the Complaint, Plaintiff provides the following description of events leading to A.C.'s suspension. A student, A.J., told Mr. Preston that on November

1

7 or 8, 2018 A.C. directed a racial epithet towards A.J. while the two were at their lockers. On November 12, 2018, Mr. Preston pulled A.C. out of class and asked him why he had directed a racial epithet at A.J. near her lockers. A.C. denied making the statement and indicated that another student, I.S., may have been responsible because he had used such language in the past. Mr. Preston investigated the matter further and spoke with I.S. regarding Plaintiff's assertion. I.S. denied making the statement. Mr. Preston also spoke to other students. According to Plaintiff, none of the students Mr. Preston questioned heard A.C. make the alleged statement. Plaintiff also alleges that the sole evidence Mr. Preston told A.C. he had was A.J.'s accusation. On November 12, 2018, after concluding his investigation Mr. Preston suspended A.C. for three days. A.C. was not provided notice of any other charges or evidence against him at that time.

On November 13, 2018, Daniel Cribbins learned his son was suspended and attempted to contact Superintendent David Bush to complain. He was unable to reach Mr. Bush. On November 14, 2018, Mr. Cribbins contacted Mr. Preston to discuss the incident. According to Plaintiff, Mr. Preston initially indicated that A.C. had been suspended for directing a racial epithet towards A.J. on November 7 or 8, 2018 while the students were at their lockers. Several hours later, Mr. Cribbins and Mr. Preston spoke again. During this second conversation, according to Plaintiff, Mr. Preston informed Mr. Cribbins that A.C. was not suspended for directing a racial epithet towards A.J. at the lockers on the November 7 or 8, but

instead for directing a racial epithet towards A.J. at the snack cart on one of those days.

On November 15, 2018, Mr. Cribbins and Mr. Preston spoke again and Mr. Preston explained that he possessed video footage showing Plaintiff directing the racial epithet at A.J. Mr. Preston invited Mr. Cribbins to watch the video with him. He also informed Mr. Cribbins that the incident occurred at the snack cart on November 6, not at the lockers on November 7 or 8. Mr. Cribbins came to Mr. Preston's office and they watched the video together. Mr. Cribbins continued to believe his son had done nothing wrong. According to Plaintiff, the video is not evidence supporting the suspension. Plaintiff claims the video shows that A.C. did not say anything to A.J. but rather that he only glanced at her. Plaintiff also alleges that Mr. Preston did not consider the video evidence when he suspended A.J. for making a statement at the snack cart on November 6, 2018, and that he only considered A.J.'s allegation that A.C. had made a different statement, at a different location, on a different day.

On November 19, 2018 Mr. Cribbins presented a letter to the Board of Education claiming that Mr. Preston suspended his son on unsubstantiated allegations. The Board of Education responded to Mr. Cribbins and explained that it found the investigation and suspension to be proper. Unsatisfied with the Board's inaction, on September 23, 2019, Plaintiff initiated this legal action against Mr. Preston and the school district. In his Complaint, Plaintiff asserts claims for violations of A.C.'s procedural due process and substantive due process rights.

3

Defendants now move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also seek qualified immunity for Mr. Preston in his individual capacity.

**II.    Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin

> to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557 (brackets omitted).

*Id.* at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527.

In addition, if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *Turner v. Corr. Med. Servs., Inc.*, No. 13-11783, 2014 WL 861579, at *2 (E.D. Mich. Mar. 5, 2014). However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But "a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

III. Analysis

A. Procedural Due Process

In Count One, Plaintiff alleges that Defendants violated A.C.'s procedural due process rights by: (1) failing to provide him actual notice of the charges against him, and (2) failing to inform him of all the evidence against him. Defendants seek to dismiss Plaintiff's procedural due process claim, arguing that A.C. received adequate notice and an opportunity to respond, which satisfies the constitutional requirements.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1; *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990). Procedural due process requires that a person be afforded notice and a right to be heard before the state deprives him of a property or liberty interest. *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005). In reviewing an alleged violation of procedural due process, a court must first determine whether the party has identified a protected liberty or property interest, and then turn to whether the deprivation of that interest contravened notions of due process. *Jahn v. Farnsworth*, 617 F. App'x 453, 459 (6th Cir. 2015).

The Supreme Court recognized a student's right to procedural due process in a suspension proceeding in *Goss v. Lopez*, 419 U.S. 565 (1975). In *Goss*, the Court determined that, at the minimum, a student facing suspension from school "must be given some kind of notice and afforded some kind of hearing." *Id.* at 579. But the type of notice and hearing to which a student may be entitled depends on

the competing interests of those involved. *Id.* The Court instructed that the student's interest to "avoid unfair or mistaken exclusion from the educational process" must be balanced against the school district's interest in efficiently maintaining a functional educational environment. *Id.*

Under *Goss*, a student facing a suspension of ten days or less has the procedural due process right to "oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Id.* at 581. The notice contemplated by the Court in these situations need not be formal and there is no requirement that there be a period of time between the notice and the hearing. *See id.* at 584 (describing the minimal exchange as "at least an informal give-and-take between student and disciplinarian, preferably prior to the suspension"). And while school officials are not necessarily required to turn over all evidence to the accused prior to imposing a suspension, school officials are "at least required to explain the evidence in their possession and give [the student] an opportunity to present his version of facts." *Jahn*, 617 F. App'x at 459.

Here, Defendants argue Plaintiff's procedural due process claim must be dismissed because "Plaintiff admits he received all of the process he was due for a short-term public school suspension." Defendants point to the following factual allegations in the Complaint: that Mr. Preston informed A.C. he was accused of using a racial epithet towards A.J., that A.C. was given an opportunity to respond to the charges, and that Mr. Preston decided to suspend A.C. after conducting an

7

investigation and interviewing the relevant parties.  Defendants contend that A.C. was not entitled to additional notice or hearing in connection with his three-day suspension.

The Court agrees with Defendants that the general nature of the notice and hearing afforded to A.C. may be adequate to satisfy constitutional thresholds in connection with a three-day suspension.  However, Plaintiff's Complaint presents sufficient factual allegations as to whether Mr. Preston violated A.C's due process rights by failing to provide A.C. with actual notice of the specific charges, actual notice of the evidence in the school's possession supporting the charges, or a fair opportunity to respond to the evidence and charges prior to the imposition of the suspension.

In viewing the Complaint in the light most favorable to Plaintiff as required at this stage, Mr. Preston ultimately claimed that A.C. was suspended for using a racial epithet towards A.J. at the snack carts on November 6, 2018.  But according to the Complaint, the only offense explained to A.C. prior to his suspension was that he allegedly directed a racial epithet towards A.J. at the lockers on November 7 or 8.  In addition, according to the Complaint, the only evidence ever mentioned to A.C. prior to his suspension was that A.J. had made the accusation against him.  A.C. was not given notice of the video evidence prior to his suspension.  As alleged in the Complaint, A.C. received neither notice of the specific incident for which he was suspended, nor a complete explanation of the evidence against him.

Accordingly, the Court finds Plaintiff states a viable claim for violation of A.C.'s due process rights under *Goss* sufficient to survive Defendants' motion to dismiss.

### B. Substantive Due Process

In Count Two, Plaintiff claims A.C.'s substantive due process rights were violated because the evidence Mr. Preston relied upon did not show that A.C. committed the offense.[1] Plaintiff asserts that because there is no evidence showing A.C. committed the offense for which he was disciplined, imposing discipline violates A.C.'s due process rights. In their motion, Defendants argue Plaintiff's substantive due process claim must be dismissed because the Complaint establishes that the suspension was rationally related to Plaintiff's use of a racial epithet and supported by evidence Mr. Preston gathered. The Court agrees with Defendants as to Plaintiff's substantive due process claim.

While the Due Process Clause provides "heightened protection against government interference with certain fundamental rights and liberty interests," *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997), the right to attend public school is not a fundamental right or liberty interest. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33-37 (1973). When a government action does not affect fundamental rights or liberty interests and does not involve suspect classifications, it will be upheld if it is rationally related to a legitimate state interest. *See Vacco v.*

---

[1] Plaintiff also alleges Mr. Preston violated A.C.'s substantive due process rights by violating his procedural due process rights. The Court has already determined that Plaintiff has sufficiently alleged a violation of A.C.'s procedural due process rights.

*Quill*, 521 U.S. 793 (1997); *Seal v. Morgan*, 229 F.3d 567, 575 (6th Cir. 2000). In cases involving school discipline, substantive due process is violated only in the rare case that there is no "rational relationship between the punishment and the offense." *Seal*, 229 F.3d at 575 (quoting *Brewer v. Austin Indep. Sch. Dist*, 779 F.2d 260, 264 (5th Cir. 1985)). *See also Wood v. Strickland*, 420 U.S. 308, 326 (1975). The Court also notes that "[i]t is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion." *Wood*, 420 U.S. at 326.

Here, although Plaintiff's Complaint raises questions about whether adequate procedural due process was afforded to A.C., the Court finds Plaintiff fails to state a claim for a violation of A.C's substantive due process rights. Plaintiff acknowledges that Mr. Preston conducted an investigation and determined that A.C. committed an offense. Exercising his discretion as principal, Mr. Preston imposed a three-day suspension. The factual allegations in the Complaint do not establish that Mr. Preston's conduct was arbitrary, egregious, or not rationally related to a legitimate state interest. While Plaintiff may disagree with Mr. Preston's conclusions or what the evidence shows, this Court is not the place to relitigate the evidence underpinning Mr. Preston's decision. Defendants' motion to dismiss Count Two is granted.

### C. Individual Liability for Defendant Preston

Qualified immunity protects "[g]overnment officials performing discretionary functions" from liability for civil damages so long as their conduct "does not violate

clearly established statutory or constitutional rights of which a reasonable person would have known." *Poe v. Haydon*, 853 F.2d 418, 423 (6th Cir. 1988). The Sixth Circuit applies a three-pronged analysis in determining a defendant's entitlement to qualified immunity. *Shively v. Green Local School Dist. Bd. of Ed.*, 579 Fed. Appx. 348, 354 (6th Cir. 2014). First, the Court must evaluate whether the facts demonstrate that a constitutional violation occurred. *Id.* Second, the Court must determine whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Id.* Third, the Court must consider whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights. *Id.*

Defendants contend that regardless of whether a constitutional violation occurred, Mr. Preston cannot be personally liable because he is protected by qualified immunity. A government actor is not entitled to qualified immunity if he violated a clearly established constitutional right. *Doe v. Miami Univ.*, 882 F.3d 579, 604 (6th Cir. 2018). Rights are clearly established where the official has fair warning that his conduct is a violation. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). To show that a right was clearly established, it is not necessary to point to cases directly on point or with identical factual scenarios. *Hope*, 536 U.S. at 741. Rather, the focus of the inquiry is whether the state of the law gave the defendant fair warning that his conduct was unconstitutional. *Id.*

Defendants argue that Mr. Preston is entitled to qualified immunity because there is no clearly established right for a student to receive more than notice and an opportunity to be heard, and there is no clearly established right for a student's suspension to be based on anything more than the evidence collected by administrators. The Court agrees with Defendants' general interpretation of the legal principles. But the problem with Defendants' argument is the Court has found that Plaintiff sufficiently alleged a violation of due process resulting from Mr. Preston's alleged failure to give A.C. notice of the actual charges or the evidence against him. There is no doubt that those basic rights are clearly established under Supreme Court and Sixth Circuit precedent, and that by allegedly failing to provide adequate notice, Mr. Preston violated A.C.'s clearly established rights.

However, prong three—whether Mr. Preston's conduct was objectively unreasonable—is a closer question. As the Court understands the allegations in the Complaint, while Mr. Preston may not have initially fully informed A.C. of the charges against him, the suspension was ultimately based on his investigation and interpretation of the evidence supporting the actual incident. Taking the allegations in the Complaint as true as the Court must, the Court finds Plaintiff fails to allege sufficient facts to establish that Mr. Preston acted objectively unreasonably. Accordingly, Mr. Preston is entitled to qualified immunity in his individual capacity as to all claims.

IV. **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** as to Count Two and as to Mr. Preston in his individual capacity.  Defendants' motion to dismiss is in all other respects **DENIED**.

**SO ORDERED.**

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated:  January 29, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager